# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RULON FREDERICK DeYOUNG,<br><br>    Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | Case No.: 1:12-cv-02042-JLT<br><br>ORDER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on December 17, 2012, and challenges Petitioner's conviction and sentence as illegal. (Doc. 1). On December 28, 2012, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4).

The petition and attached documents indicate that on August 25, 2010, Petitioner pleaded guilty and was convicted in the United States District Court for the District of Utah, of four counts of violating 26 U.S.C. § 7201 (attempt to evade or defeat tax) and one count of violating 26 U.S.C. § 7212(a)(corrupt or forcible attempts to interfere with administration). (Doc. 1, p. 12). Petitioner was sentenced to a term of thirty-six months. (Id. at p. 13).

Petitioner now brings this habeas petition, in which he is clearly challenging the legality of his conviction.[1] Indeed, the bulk of the argument in the petition is comprised of a complicated argument that the legal underpinnings of § 7201 have been repealed by federal statute. (Doc. 1, pp. 4-8). The only purpose of such an argument, in the Court's view, is to challenge the legality of Petitioner's conviction. However, as discussed below, such a challenge must be brought in a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, not in a habeas corpus petition pursuant to § 2241.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's argument that his conviction is illegal is obviously an attack on that conviction.

---

[1] Petitioner takes pains in his petition to note that he is not challenging his sentence. (Doc. 1, p. 3).

However, the proper vehicle for challenging such a mistake is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition. Apparently in an oblique acknowledgement of this legal reality, Petitioner contends that he has no other legal avenue than § 2241 since § 2255 is inadequate and ineffective. (Doc. 1, p. 3). Although Petitioner does not explain in any detail why § 2255 is inadequate or ineffective, he alludes to the fact that the one-year filing deadline for a § 2255 petition has passed. (Doc. 1, p. 3). The Court, however, disagrees with Petitioner's conclusion that this circumstance would make a § 2255 remedy inadequate or ineffective.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been

1 convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this
2 claim." Id. at 1060.
3       "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim,
4 we ask whether petitioner's claim 'did not become available' until after a federal court decision."
5 Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008).
6 "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after
7 he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any
8 way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-
9 1061.
10      In affirming the district court's dismissal of the petition, the Ninth Circuit employed the two-
11 part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which
12 he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this
13 claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He *must never have had* the opportunity to raise it by motion.

16 Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims,
17 holding that the law under which he was convicted had not changed subsequent to his conviction and
18 that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.
19      The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield
20 v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. As in Ivy, Petitioner
21 cannot establish any relevant intervening change in the law since his 2010 conviction that would
22 trigger the savings clause, nor has he established that he could not have raise these claims in his
23 original appeal or, at the very least, in a proper motion pursuant to § 2255 in the sentencing court.
24      In other words, all of the alleged illegalities in the instant conviction existed prior to the trial
25 and subsequent appeal, if any, and thus could have been raised at the very least in a motion pursuant to
26 § 2255. Petitioner does not allege that he has ever filed a § 2255 petition in the sentencing court,
27 despite having the very same legal landscape he now has in which to make his arguments. Petitioner,
28 therefore, cannot seriously contend that he has never had an unobstructed procedural shot at presenting

these claims in the trial court.  Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion.  Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

      Moreover, Petitioner has failed to show he is actually innocent of the charges against him.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008).  "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  Bousley, 523 U.S. at 623-624.

      Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

      The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  Reyes-Requena, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal

statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. (emphasis supplied).  Because § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims.").  Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620.  To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

      Here, Petitioner has not alleged, much less established, that some intervening decision by the United States Supreme Court, made retroactive to Petitioner's case, has rendered him imprisoned for conduct that is not illegal.  Instead, Petitioner argues that changes in United States statutes prior to his conviction render § 7201 invalid.  That contention would not suffice to show that a second or successive § 2255 was inadequate or ineffective; unquestionably, it does not establish that § 2255 is inadequate or ineffective where Petitioner has never filed such a petition in the first instance.  For these reasons, the Court concludes that § 2255 is neither inadequate nor ineffective.  Thus, the issues in the instant petition must be presented to the sentencing court in a motion pursuant to § 2255.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865.

      Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865.  Accordingly, the

petition must be dismissed for lack of jurisdiction.  Should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.[1]

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) <u>the final order in a proceeding under section 2255</u>.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(Emphasis supplied).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Utah. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the following reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 7, 2013**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE