**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RULON FREDERICK DEYOUNG, | ) Case No.: 1:12-cv-02042-JLT |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 7) |
| v. | ) |
| ON HABEAS CORPUS, | ) |
| Respondent. | ) |

    Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 28, 2012, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4).

**PROCEDURAL HISTORY**

    The instant petition was filed on December 17, 2012. (Doc. 1). On January 7, 2013, the Magistrate Judge issued an order to dismiss the petition on the grounds that, since Petitioner was challenging a 2010 conviction and sentence in the United States District Court for the District of Utah, Petitioner's claims should have been filed in the sentencing court as motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. (Doc. 5). Judgment was entered on the same date and the file was closed. (Doc. 6). On January 29, 2013, Petitioner filed the instant motion for relief from the Court's January 7, 2013 order, relying on Fed. R. Civ. P. 60(a). (Doc. 7).

///

**DISCUSSION**

Federal Rule of Civil Procedure 60(a) provides that a district court "may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Here, Petitioner is apparently contending that the Court made a "clerical mistake or a mistake arising from oversight or omission" when it dismissed the petition and entered judgment. Petitioner apparently seeks to rectify the Court's "clerical mistake" or "oversight" by providing information regarding his conviction in the Utah District Court. As discussed below, however, the "new" information does not alter the Court's legal analysis in any way. The Court did not make a clerical error, nor did an "oversight" or "omission" result in the Court's decision to dismiss the petition. The Court stands by the reasons set forth in the January 7, 2013 order, and nothing provided in Petitioner's motion alters the Court's view.

Consequently, the Court now considers whether Petitioner's motion qualifies for relief under Rule 60(b). Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

1     Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

    As mentioned, Petitioner's motion attempts to present additional information to this Court regarding the prior proceedings in the District of Utah, particularly Petitioner's repeatedly raised contentions that the Utah court lacked subject matter jurisdiction over the proceedings and that Petitioner apparently filed several motions before and after conviction, at least some of which were construed as motions pursuant to § 2255. Such additional information, however, fails to satisfy Rule 60(b).

    First, all of this information was available to Petitioner prior to filing the instant petition and could have been made available to the Court either by supplementation to the petition or through a request to take judicial notice of the proceedings in the District of Utah. Petitioner did neither. Certainly such information is not "newly discovered." To the extent that it could be shoe-horned into the requirement of "mistake, inadvertence, surprise, or excusable neglect," the new information does nothing to establish that Petitioner's case qualifies for the "savings clause" of § 2255 by showing <u>both</u> that he is actually innocent and has never had a unobstructed procedural shot at bringing these claims in the prior proceedings. To the contrary, Petitioner indicates that he filed at least two motions that the Utah court construed as § 2255 petitions. Thus, by definition, he has had a procedural shot at presenting his arguments to a federal court. Accordingly, he does not qualify for the savings clause.

    Although Petitioner's legal reasoning is somewhat murky, it appears that he is also contending that the prior § 2255 proceedings do not constitute "unobstructed procedural shots" because the prior court lacked subject matter jurisdiction to consider his arguments. Such a contention is both circular and specious. Federal district courts routinely make jurisdictional determinations about their own

3

authority to hear every case filed. Indeed, in this very case, the Court considered whether it had subject matter jurisdiction over a § 2241 petition and concluded that, since the purported habeas petition challenged a prior conviction and sentence and did not fit within the savings clause, it did not.

Moreover, to suggest that a federal court cannot consider its own subject matter jurisdiction is absurd. If it were indeed the case that Petitioner could not be charged with the tax violations for which he was convicted because the Utah court lacked subject matter jurisdiction, then, by Petitioner's same misguided logic, there would be no federal court that had jurisdiction to charge Petitioner, there would be no federal court that has jurisdiction to consider whether the Utah trial court lacked subject matter jurisdiction, and there would be no federal court that has jurisdiction to review the Utah court's handling of Petitioner's case. Such a view of federal jurisdiction is so obviously and deeply flawed that it requires no further discussion.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of either Rule 60(a) or (b), and therefore his motion for reconsideration must be denied.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for relief (Doc. 7), is DENIED.


IT IS SO ORDERED.

Dated:   **January 30, 2013**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE