1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11    RULON FREDERICK DeYOUNG,              )   Case No.: 1:12-cv-02042-JLT
                                            )
12              Petitioner,                 )   ORDER DENYING PETITIONER'S SECOND
                                            )   MOTION FOR RECONSIDERATION (Doc. 9)
13         v.                               )
                                            )
14    ON HABEAS CORPUS,                     )
                                            )
15              Respondent.                 )
                                            )
16    _____       )

17         Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2241. Petitioner has filed his written consent to the jurisdiction of the

19    United States Magistrate Judge for all purposes.  (Doc. 4).

20                              **PROCEDURAL HISTORY**

21         The instant petition was filed on December 17, 2012.  (Doc. 1).  On January 7, 2013, after the

22    Court's preliminary screening of the petition indicated that Petitioner was actually challenging his

23    2010 conviction and sentence in the U.S. District Court for the District of Utah, the Magistrate Judge

24    issued an order dismissing the petition, entering judgment, closing the file, and indicating that

25    Petitioner must challenge his judgment and conviction by way of a motion to vacate, set aside, or

26    correct the sentence pursuant to 28 U.S.C. § 2255.  (Doc. 5).

27         Despite the Court's clear admonition that a federal habeas petition could not be brought to

28    challenge Petitioner's 2010 conviction, Petitioner, on January 29, 2013, filed a motion for

                                            1

reconsideration pursuant to Fed. R. Civ. P. 60(b).  (Doc. 7).  On January 31, 2013, the Court denied Petitioner's motion.  (Doc. 8).  On March 25, 2013, Petitioner, apparently unconvinced by the Court's admonitions, has filed a document entitled "Motion By Mandatory Judicial Notice, F.R.E., Rule 201(c)(2) and Rule 201(3) For Clarifications Of Considerable Constitutional Violations That Substantiate Why From The Outcome, Petitioner Is Deprived Of His Liberty In Contravention Of The Constitution And Laws Of The United States."  (Doc. 9).  Although the claims therein are obscure and difficult to comprehend, it appears that Petitioner is, once again, seeking reconsideration of the Court's dismissal of his federal petition and urging the Court to review his challenge to his 2010 conviction in the District of Utah.  Accordingly, the Court construes the March 25, 2013 filing as a second motion for reconsideration.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, as was true in the preceding motion for reconsideration, Petitioner has failed to meet any of the above-mentioned requirements for granting a motion for reconsideration: He has not shown

"mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

To the contrary, Petitioner persists in his contention that his conviction in the Utah federal court was invalid under federal law. As was true with the preceding motion for reconsideration, the proper venue for such claims is the trial court in the District of Utah and the proper mechanism for raising such a claim is by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255. Petitioner has, once again, failed to show he is entitled to proceed through the "escape hatch" to use § 2241 to raise such issues. Accordingly, the Court must deny Petitioner's motion for reconsideration.

### ORDER

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **March 28, 2013**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

3